IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,320-01






EX PARTE JAMES TIMOTHY GRAHAM, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN


CAUSE NO. 17550 IN THE 23
RD DISTRICT COURT


OF BRAZORIA COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of
felony theft and punishment, enhanced by a prior conviction, was assessed at confinement
for twenty years. There was no appeal from this conviction.

 Applicant contends that he has not received credit for time he was out of custody
on parole from 1992 to 2003. The trial court has found only that Applicant did not
include a copy of his rejection letter from the office of time credit resolution, although
Applicant alleged that the office rejected his application on March 15, 2005.

 It is this Court's opinion that additional facts need to be developed, and since this
Court cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960), the trial court is the appropriate forum. The trial court may resolve those issues as
set out in Article 11.07, § 3(d), TEX.CODE CRIM.PROC., in that it may order affidavits,
depositions, or interrogatories from both the Criminal Institutions and Parole Divisions of
the Texas Department of Criminal Justice, or it may order a hearing.

 If the trial court elects to hold a hearing the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant
desires representation by counsel, the trial court shall then appoint an attorney to represent
him at the hearing pursuant to the provisions of Article 26.04, TEX.CODE CRIM.PROC.

 Following the receipt of additional information the trial court should make
findings of fact as to: what dates Applicant was out of custody on parole, what date the
parole violator warrant or summons was issued which resulted in Applicant's parole
being revoked, the date Applicant's parole was revoked, and whether Applicant has been
denied credit for the period he was out of custody. If Applicant has been denied credit for
the period he was not in custody, the court shall also determine the reason such credit was
denied, including the elements of any prior conviction deemed to render Applicant
ineligible for such credit. Finally, the trial court should determine whether Applicant
requested this credit from the office of time credit resolution and the dates any such credit
was requested or denied, and should also make any further findings of fact and
conclusions of law which it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 60 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes
from any evidentiary hearing, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 90 days of the date of this
order. (2) 




DELIVERED: APRIL 12, 2006.

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.